## IN THE MATTER OF NOLA A. ALLEN.

[No. 772S93. Filed June 26, 1973.]

*Wayne C. Ponader, Bose, McKinney & Evans, John O. Moss, Mance, Moss & Walton,* of Indianapolis, for respondent.

*John B. Ramming,* of Indianapolis, *James W. Bowers, Palmer, Bowers & Brewer,* of Huntington, for Indiana Supreme Court Disciplinary Commission.

ARTERBURN, C.J.—This proceeding was instituted by a Verified Complaint for Permanent Disbarment from the Practice of Law filed by the Disciplinary Commission of this Court on July 13, 1972. The Honorable John A. Kendall was appointed Hearing Officer and heard the issues involved. On May 8, 1973, he filed his Findings of Fact and Recommendation of Hearing Officer and filed an Amendment thereto on May 16, 1973, which Findings and Amendment thereto are as follows:

## FINDINGS OF FACT
## AND
## RECOMMENDATION OF HEARING OFFICER

The undersigned, having been heretofore appointed by this Honorable Court as Hearing Officer and Judge in the above entitled cause under the provisions of Admission and Discipline Rule No. 23 of this Court, respectfully reports to the Court as follows:

The Respondent, Nola A. Allen, was admitted to the Bar of the State of Indiana on December 8, 1954, and now maintains an office for the general practice of law in Marion County, Indiana.

The Disciplinary Commission filed its verified complaint against the Respondent, Nola A. Allen, on July 13, 1972. The Respondent filed answer thereto on August 11, 1972. Thereafter, the Disciplinary Commission filed its first amended complaint on December 20, 1972, and the answer to the first amended complaint was filed January 7, 1973. Summons was issued to the Respondent on July 13, 1972 and the return was made August 10, 1972. The Hearing Officer qualified on August 9, 1972.

The matter was originally set for hearing on November 16, 1972, and was continued at the request of all parties. It was reset for hearing on January 22, 1973. There were two pre-hearing conferences between the respective parties before the Hearing Officer, the last one being January 17, 1973. The hearing commenced in the conference room of the Supreme Court on January 22, 1973, and said hearing was adjourned on that day and resumed January 29, 1973, and thereafter was continued until March 7, 1973.

The Hearing Officer requested special findings of fact and conclusions from the respective parties. The Disciplinary Commission filed with the Hearing Officer its proposed special findings of fact and conclusions on March 21, 1973. The Respondent replied and filed proposed special findings of fact and conclusions on April 4, 1973, to which the Disciplinary

Commission replied on April 11, 1973. Oral argument was requested, which was granted, and said oral argument was held April 17, 1973, on which date the hearing, held as a result of the filing of said complaint and amended complaint, was terminated.

The Disciplinary Commission was represented by John B. Ramming, Executive Secretary of the Disciplinary Commission for the Indiana Supreme Court, and James Bowers, an attorney, as assistant counsel therefor. The Respondent was represented by Wayne C. Ponader and John Moss, both of the Indianapolis Bar.

The Respondent was charged in the first verified amended complaint with seven counts wherein they alleged that the Respondent had been guilty of violations of the Code of Professional Responsibilities for Attorneys at Law.

The Respondent has claimed, both in final argument and in briefs, that many facts were uncontroverted, with which the Hearing Officer cannot agree. This Hearing Officer is faced, as many judges are faced in the trial of causes of actions, with certain conflicts in the testimony presented.

The Disciplinary Commission presented eight (8) witnesses to substantiate the counts as filed. The Respondent presented eighteen (18) witnesses in her behalf. The transcript consists of four hundred twenty-five (425) pages of testimony. The Respondent has been most ably represented throughout the hearing. The sole question confronting this Hearing Officer is to determine whether, from the witnesses presented by the Disciplinary Commission and the Respondent herself, the Hearing Officer can find from a preponderance of the evidence that no wrong had been committed by Respondent that violates the Code of Professional Responsibilities for Attorneys at law. The Hearing Officer is of the opinion that in regard to the charges in Counts 1, 2, 4, 5 and 6, the evidence having the greater weight can reasonably lead to no other conclusion than that the Respondent failed and neglected in those legal matters which had been entrusted to her for representation

and that she did on those occasions fail to keep in contact with or to communicate with her clients and to properly present the matters then at hand. The transcript is replete of testimony as to how funds which had been entrusted to Respondent's care were improperly handled.

Respondent produced many outstanding citizens of Indianapolis as witnesses in her behalf, leaders in governmental affairs, leaders in both of the two major political parties, civic leaders, and prominent laymen. There was evidence that the practice of the Respondent involved unique problems and that a large percentage of Respondent's practice dealt with the poor, the black, and the underprivileged. However meritorious that type of service is, such persons nevertheless are bound by the same rules, regulations and the professional code of ethics as any other practitioner.

From the evidence the Hearing Officer finds the facts to be as follows:

AS TO COUNT 1. The Respondent was the attorney for Evelyn A. Taylor in a proposed personal injury and property damage suit and that while acting as her attorney did receive a retainer of Fifty Dollars ($50.00); that Respondent failed to communicate with her client concerning the representation and that Respondent failed to file her client's suit within the statutory period, and that such failure on her part involves moral turpitude and violates D.R. 6-101(a)(3) and D.R. 7-101(a)(3), Code of Professional Responsibilities for Attorneys at Law, Indiana Annotated Statutes (Special Supplement 1971).

AS TO COUNT 2. In October, 1971, Respondent asked Vickie Glover to cash a check drawn by Howard L. Bowles and Alonzo Harris on a Harris Construction Company, Inc. check in the amount of Six Hundred Fifty Three Dollars and Twenty Six Cents ($653.26); that Respondent filled in her name as payee of the check and endorsed the check over to Vickie Glover; that Mrs. Glover did then cash the check for Respondent and gave to the Respondent Six Hundred

Fifty Three Dollars and Twenty Six Cents ($653.26); that the Respondent, Nola A. Allen, assured Vickie Glover that a deposit had been made by Alonzo Harris to cover the check; that thereafter the said check was refused by the bank on or about October 4, 1971, which refusal was due to insufficient funds; that subsequent to the check being dishonored and prior to the initiation of these proceedings Vickie Glover received partial payment on the check, that Howard L. Bowles and Alonzo Harris have failed to make said check good, and that the Respondent, Mrs. Allen, had not paid Vickie Glover the balance owed to her on the check prior to the initiation of the filing of the first complaint of the Disciplinary Commission, and that, therefore, such conduct involves moral turpitude and violates D.R. 1-102(a)(4), Code of Professional Responsibilities for Attorneys at Law, Indiana Annotated Statutes (Special Supplement 1971).

AS TO COUNT 3. That one Vickie Glover employed Respondent in regard to having a relocation of her package liquor store because of highway construction. There is evidence from which the Hearing Officer can believe that the Respondent did accomplish this employment to the satisfaction of Mrs. Glover and did receive a fee for such employment. There is evidence in regard to Mrs. Glover retaining Respondent to secure possible damages for which a fee was not paid. From the charge and from the evidence adduced, the Hearing Officer finds that proof of Count 3 has not been sustained by a preponderance of the evidence and, therefore, finds that as to this count the Respondent has not violated D.R. 6-101(a)(3), Code of Professional Responsibilities for Attorneys at Law, Indiana Annotated Statutes (Special Supplement 1971).

AS TO COUNT 4. That in 1968 Mr. and Mrs. Thomas White retained the services of Respondent to file a bankruptcy petition for them in Federal Court; that the Respondent accepted a fee from Mr. and Mrs. Thomas White to so represent them and file said petition; that the Respondent failed to

contact any of the creditors of her clients, Mr. and Mrs. White, and that she failed and neglected to file the bankruptcy petition; that Respondent informed Mr. and Mrs. White that she had contacted the creditors and had filed the petition, when in fact she had not; that Respondent has failed to represent Mr. and Mrs. White and had not returned the fee paid to her prior to the initiation of these proceedings by the filing of the first verified complaint, and that such conduct involves moral turpitude and violates D.R. 1-102 (a) (4), D.R. 6-101 (a) (3) and D.R. 7-101 (a) (2), Code of Professional Responsibilities for Attorneys at Law, Indiana Annotated Statutes (Special Supplement 1971).

AS TO COUNT 5. That the Respondent was employed by one Charles P. Majors in 1969 to represent him in obtaining a three-way liquor license in the City of Indianapolis, and at which time Respondent was paid a retainer fee of Five Hundred Dollars ($500.00); that on or about February 19, 1971, the Respondent, Nola A. Allen, received three checks from Mr. Majors, one for One Thousand Dollars ($1,000.00) to write the proposition for the license, a second check for Nineteen Thousand Dollars ($19,000.00) payable to Respondent as agent for Mr. Majors, a brokerage firm and an individual to be used for a downpayment on a license, and a third check for Two Thousand Five Hundred Dollars ($2,500.00) payable to Respondent as agent for Mr. Majors; that the purchase and transfer of the license was not accomplished prior to the initiation of these proceedings and that during the month of May, 1971, Mr. Majors had arranged with Respondent for the return of the money paid to the Respondent for the purpose of obtaining said license and that Respondent, Nola A. Allen, did not return said money; that subsequent to the issuance of the check for Nineteen Thousand Dollars ($19,000.00) and prior to the initiation of these proceedings, the Respondent deposited the said money referred to hereinabove to an account in the name of Nola Allen and Howard Griffen Rental Account, and did expend certain

sums therefrom not for nor in behalf of Mr. Majors, and that such conduct involves moral turpitude and violates D.R. 1-102(a) (3, 4, 5 & 6) and D.R. 9-102(b) (4), Code of Professional Responsibilities for Attorneys at Law, Indiana Annotated Statutes (Special Supplement 1971).

AS TO COUNT 6. That the Respondent, Nola A. Allen, was attorney for the estate of one Nellie Johnson, of which estate Genevieve Coleman was the duly appointed Administratrix and that, in such capacity as counsel for the estate, the Respondent did receive a check from the Administratrix, Mrs. Coleman, for the amount of Seven Hundred Fifty Dollars ($750.00), which was to be used to pay the Indiana inheritance tax; the Respondent did not pay, nor did Respondent attempt to pay, the inheritance tax to the proper authorities prior to the initiation of these proceedings, neither did she return the money to Mrs. Coleman; that said estate was not closed by the Respondent and Mrs. Coleman had to secure additional counsel to close said estate, and that such conduct on the part of the Respondent involves moral turpitude and violates D.R. 1-102(a) (3, 4, 5 & 6), D. R. 6-101(a) (3) and D.R. 9-102(b) (4), Code of Professional Responsibilities for Attorneys at Law, Indiana Annotated Statutes (Special Supplement 1971).

AS TO COUNT 7. Mr. Chatmon did testify that he had no complaint as to Mrs. Allen's services with regard to securing custody of his child and that he did not feel that the fee he paid was excessive. It is apparent that there was a complete lack of communication between client and counsel, but the evidence on this count is not such that the Hearing Officers can find that the Disciplinary Commission has sustained the burden of proof, and the Hearing Officer finds on this count that Respondent has not violated D.R. 6-101(a) (3), Code of Professional Responsibilities for Attorneys at Law, Indiana Annotated Statutes (Special Supplement 1971).

From the foregoing findings of fact the undersigned finds that the Respondent did engage in conduct involving moral

turpitude and professional misconduct for attorneys at law; that she had neglected legal matters entrusted to her and failed to account for funds which had been entrusted to her, and, therefore, such conduct constitutes violations of Disciplinary Rules of the Code of Professional Responsibilities heretofore adopted by this Court as follows: D.R. 6-101(a) (3), D.R. 7-101(a) (3), D.R. 1-102(a) (4), D.R. 7-101(a) (2), D.R. 1-102(a) (3, 4, 5 & 6), and D.R. 9-102(b) (4), of the Code of Professional Responsibilities for Attorneys at Law, Indiana Annotated Statutes (Special Supplement 1971).

## RECOMMENDATION

It is difficult to make a recommendation in a matter of this kind. However, there can be little doubt as to the action which should be taken upon the facts which the Hearing Officer has made with regards to Counts 1, 2, 4, 5 and 6. The facts show a disregard of the attorney's basic understanding and responsibility to the client. The Hearing Officer cannot disregard the effort of Respondent to make restitution after the complaints had been filed with the grievance committee and up to practically the time of hearing. For misconduct of this type, the Hearing Officer cannot conceive of any circumstance which would justify such conduct. The Hearing Officer is mindful of the type of citizens who testified in Respondent's behalf, but there is not any evidence that any of the witnesses were acquainted with the accusations brought by the Disciplinary Commission against Respondent.

By agreement of the parties, the Respondent has not been engaged in active practice for approximately six (6) months.

The undersigned, therefore, recommends that the Respondent, Nola A. Allen, be suspended from the practice of law for a period of one and one-half (1½) years.

Dated this 8th day of May, 1973.

JOHN A. KENDAL, Hearing Officer

## AMENDMENT TO
## FINDINGS OF FACT AND
## RECOMMENDATION OF HEARING OFFICER
## FILED IN THIS CAUSE ON MAY 8, 1973

The Hearing Officer, on his own motion, does hereby amend the paragraph as to Count 7, page 8 of the original Findings of Fact and Recommendation of Hearing Officer as follows:

By striking out the following as they appear in line 6 on page 8: "D.R. 1-101(a) (3, 4, 5 & 6)," and inserting in lieu thereof the following: "D.R. 1-102(a) (3, 4, 5 & 6)."

In all other respects said original Findings of Fact and Recommendation of Hearing Officer filed May 8, 1973, remain the same.

Dated this 16th day of May, 1973.

JOHN A. KENDALL, Hearing Officer

On June 6, 1973, the Disciplinary Commission filed a Petition for Review and Request for Disbarment.

And now the Court being fully advised in the premises, approves the Findings and Amendment thereto of the Hearing Officer and accepts the same as facts found in this proceeding and overrules the Petition of the Disciplinary Commission for permanent disbarment of the Respondent, but fixes the time of disbarment for a period of two (2) years from the date of this opinion.

The Court having considered said report, findings and recommendations, now finds that the Respondent, Nola A. Allen, should be disbarred from the practice of law in this state for a period of two (2) years beginning from the date of this order, and the Clerk of this Court is directed to strike her name from the Roll of Attorneys admitted to the practice of law in this state. The costs of this proceeding are taxed against the Respondent.

All Justices concur.

NOTE.—Reported in 297 N. E. 2d 429.